Per Curiam.

The sole question presented for consideration by the court is whether the relator is entitled to have his nominating petition filed and his name placed on the ballot as a candidate for the office of judge of the Municipal Court of the city of Cleveland at the November election.
*185 The controversy arises by reason of the fact that the then occupant of that office died on August 21, 1953, which was one day after the final date for filing a petition for nomination at the municipal nonpartisan primary election. Nevertheless, the relator insists that his nominating petition should be accepted by the respondents and his name placed on the ballot.
Counsel are agreed that the vacancy must be filled at the November election under the provisions of Section 13 of Article IV of the Constitution of Ohio requiring that “in case the office of any judge shall become vacant, before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the Governor, until a successor is elected and has qualified; and such successor shall be elected for the unexpired term, at the first general election for the office which is vacant that occurs more than forty days after the vacancy shall have occurred.”
Counsel further agree that the relator can take advantage of the provisions common to the state statutes and the city charter to the effect that a blank space shall be left at the end of the list of candidates for each office in which the elector may insert the name of any elegible person, not printed on the ballot, for whom he desires to vote for such office.
But otherwise counsel are in vigorous disagreement.
The relator states that he does not wish to have his name inserted in the blank space by the electors desiring to vote for him. Instead he wants the respondents to accept his petition and place his name on the ballot. Is he entitled to this advantage?
Under the provisions of former Section 12283, General Code,, now Section 2731.01, Revised Code, mandamus is defined as a “writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act *186 which the law specially enjoins as a duty resulting from an office, trust, or station.”
Does the law specially enjoin a duty on the respondents to accept the relator’s nominating petition and place his name on the ballot?
The relator cites none, and the court finds none. The pertinent statute is Section 1901.07, Revised Code, formerly Section 1587, General Code. The first paragraphs thereof now contain provisions relating generally to municipal courts. Then in the final paragraph is the following special provision reading in part:
“Notwithstanding the prior provisions of this section, in the Cincinnati and Cleveland Municipal Courts, the judges shall be nominated and elected as follows:
“ * * * In the Cleveland Municipal Court, the judges, including, the chief justice, shall be nominated only by petition. Such petition shall be signed by at least twenty-five hundred electors of the city of Cleveland. It shall be in the general form and shall be signed, verified, and filed in the manner and within the time required by law for nominating petitions of other nominees for public office in the city of Cleveland. # # * J >
Section 8 of Chapter III of the Charter of the City of Cleveland reads in part:
“All separate papers comprising a nominating petition shall be assembled and filed with the election authorities as one instrument at least forty days prior to the day of the primary election. * * * ”
Hence, it is apparent that neither the statutory nor the charter provisions relating to the election of judges of the Municipal Court of Cleveland establish a method for the formal nomination of candidates by petition for an unexpired term when, as here, the vacancy occurs after the final date fixed for filing nominating petitions.
*187 There being no duty on the respondents to accept the relator’s nominating petition and place his name on the ballot, the demurrer is sustained and the writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Middleton, Hart, Zimmerman and Stewart, JJ., concur.
Taft, J., concurs in the judgment.
Matthias, J., not participating.